accordance with the value determined by the examiner, as had been the practice in the past. Inasmuch as the examiner was ill at the time, appraisement was made before the entrant could amend. It was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JUNE 9, 1949

**No. 53238.**—Norellis, Inc. *v.* United States, protest 140589–K (New York).

Opinion by OLIVER, C. J. The record disclosed that the involved items together with certain glassware were contained in case 91 appearing on the invoice herein. This particular case was not designated for examination and the appraiser advisorily classified all the merchandise therein as illuminating articles in chief value of glass, whereas the case contained certain items of furniture. On the record presented it was held that the items described as cabinets in case 91 are properly dutiable as claimed. The protest was sustained to this extent.

**No. 53239.**—Dr. F. Jonas Co. and Magnus, Mabee & Reynard, Inc. *v.* United States, protests 146005–K and 146031–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 53240.**—Miles Laboratories, Inc. *v.* United States, protest 138663–K (San Francisco).

Opinion by COLE, J. It was stipulated that the merchandise consists of sheep gall the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53241.**—Miles Laboratories, Inc. *v.* United States, protest 146643–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise consists of sheep gall the same in all material respects as the substance passed upon in *G. D. Searle*

& Co. v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53242.**—Kawahara Co. et al. v. United States, protests 549901–G, etc. (Los Angeles).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as the durikono passed upon in Abstract 52550, the claim of the plaintiffs was sustained.

**No. 52243.**—M. Kopit Co. et al: v. United States, protests 123475–K (A), etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53244.**—Leather Trading Corp. v. United States, protests 132483–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53245.**—Comex Wine & Spirits, Inc., et al. v. United States, protests 140162–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, JUNE 9, 1949

**No. 53246.**—International Expediters, Inc., et al. v. United States, protests 124870–K/789, etc. (Chicago).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 53247.**—Stetson Glove Co. v. United States, protests 851337–G, etc. (St. Louis).

Opinion by RAO, J. At the trial plaintiff's witness testified that he was familiar with the merchandise involved herein and also with exhibit 1 in *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). A list of items received in evidence as exhibit 1 showed that the merchandise in this proceeding consisted of gloves similar in all material respects to exhibit 1 in the cited case.